```
CP:SLT
F.# 2007R00229/OCDETF # NY-NYE-0534
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| UNITED STATES OF AMERICA | **AFFIRMATION OF STEVEN L. TISCIONE** |
| - against - | |
| RICARDO MARIAN FANCHINI, | Cr. No. 07-736 (S-1) (CPS) |
| Defendant. | |

- - - - - - - - - - - - - - - - - -X
- - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| UNITED STATES OF AMERICA | **AFFIRMATION OF STEVEN L. TISCIONE** |
| - against - | |
| NIKOLAI DOZORTSEV, ARTHUR DOZORTSEV, and BORIS NAYFELD, | Cr. No. 08-044 (S-1) (CPS) |
| Defendants. | |

- - - - - - - - - - - - - - - - - -X

STEVEN L. TISCIONE, being duly sworn, deposes and says:

1. I am an Assistant United States Attorney in the Eastern District of New York.

2. I am one of the attorneys responsible for the prosecution of the above-captioned matters. As such, I am fully familiar with the facts and circumstances of these cases.

3. This affirmation and the Memorandum of Law submitted herewith are respectfully submitted in support of the government's motion to consolidate the above-captioned matters for trial with respect to defendants RICARDO MARIAN FANCHINI, NIKOLAI DOZORTSEV and ARTHUR DOZORTSEV.

4. On September 28, 2007 a grand jury sitting in this district returned a three-count indictment against RICARDO MARIAN FANCHINI in case number 07 CR 736 (CPS), charging him with: (i) conspiring to import cocaine, heroin and MDMA into the United States; (ii) conspiring to distribute cocaine, heroin and MDMA, knowing that such substances would be imported into the United States; and (iii) conspiring to launder the proceeds of specified unlawful activity, all in violation of Title 21, U.S.C., §§ 959(c), 960(a)(1), 960(a)(3), 960(b)(1)(A), 960(b)(1)(B)(ii), 960(b)(3) and 963; and Title 18, U.S.C., § 1956(h). This indictment and accompanying arrest warrant were ordered sealed by the Honorable Roanne L. Mann on September 28, 2007.

5. On October 3, 2007, the defendant RICARDO FANCHINI was arrested in the United Kingdom pursuant to a Provisional Arrest Request by the United States Attorney's Office for the Eastern District of New York. The defendant was subsequently extradited to the United States.

6. On January 11, 2008, a grand jury in this district returned a superseding indictment against the defendant RICARDO FANCHINI (07 CR 726(S-1)(CPS)), charging him with: (i) engaging in a continuing criminal enterprise; (ii) conspiring to import cocaine, heroin and MDMA into the United States; (iii) conspiring to distribute cocaine, heroin and MDMA, knowing that such substances would be imported into the United States; (iv)

conspiring to distribute and possess with intent to distribute cocaine, heroin and MDMA; (v) importing five or more kilograms of cocaine into the United States; (vi) distributing cocaine knowing that such substance would be imported into the United States; (vii) attempting to possess with intent to distribute five or more kilograms of cocaine; and (viii) conspiring to launder the proceeds of specified unlawful activity (the "FANCHINI SUPERSEDING INDICTMENT").

7. On January 22, 2008, a grand jury sitting in this district returned an indictment against the defendants NIKOLAI DOZORTSEV, BORIS NAYFELD and ARTHUR DOZORTSEV (08 CR 044 (CPS)), charging all three defendants with conspiring to launder the proceeds of specified unlawful activity, in violation of Title 18, U.S.C., § 1956(h); and charging NIKOLAI DOZORTSEV and BORIS NAYFELD with attempting to possess with intent to distribute five or more kilograms of cocaine, in violation of Title 21, U.S.C., §§ 841(b)(1)(A)(ii)(II) and 846.

8. Upon his extradition to the United States, the defendant RICARDO MARIAN FANCHINI appeared in the Eastern District of New York on February 1, 2008, and was arraigned on the superseding indictment by the Honorable Viktor Pohorelsky.

9. On February 19, 2008, a grand jury sitting in this district returned a superseding indictment against the defendants NIKOLAI DOZORTSEV, BORIS NAYFELD and ARTHUR DOZORTSEV (the

3

"DOZORTSEV SUPERSEDING INDICTMENT"). The DOZORTSEV SUPERSEDING INDICTMENT did not add any substantive charges, but put the defendants on notice that the government intends to seek forfeiture of certain specified property upon the defendants' convictions for the offenses charged in the indictment.

10. The underlying acts alleged to have been committed by NIKOLAI DOZORTSEV and ARTHUR DOZORTSEV contained in the DOZORTSEV SUPERSEDING INDICTMENT all arise out of the same common plan or scheme as the acts underlying the charges against RICARDO MARIAN FANCHINI in the FANCHINI SUPERSEDING INDICTMENT. Moreover, all three defendants are alleged to have been part of a single conspiracy. Specifically, Count One of the DOZORTSEV SUPERSEDING INDICTMENT charges NIKOLAI DOZORTSEV with the same attempted cocaine possession that is charged against RICARDO FANCHINI in Count Seven of the FANCHINI SUPERSEDING INDICTMENT. In addition, Count Two of the DOZORTSEV SUPERSEDING INDICTMENT charges NIKOLAI DOZORTSEV and ARTHUR DOZORTSEV with the same money laundering conspiracy that is charged against RICARDO FANCHINI in Count Eight of the FANCHINI SUPERSEDING INDICTMENT.

11. The evidence and witnesses upon which the government intends to rely to prove the allegations in the DOZORTSEV SUPERSEDING INDICTMENT are substantially similar to the evidence and witnesses that will be used during the trial of the FANCHINI SUPERSEDING INDICTMENT. In particular, the money

laundering conspiracy discussed above will require the government to prove that the source of the funds was from some specified unlawful conduct. In other words, to prove the money laundering conspiracy against the defendants in the DOZORTSEV SUPERSEDING INDICTMENT, the government will necessarily have to introduce the same evidence and witnesses that will establish the substantive crimes charged in the FANCHINI SUPERSEDING INDICTMENT. Thus, if the cases were tried separately, the government would be required to prove the same criminal acts, using the same evidence and witnesses, in two separate trials, both of which would be expected to last for an estimated four months.[1]

       12. On or before June 20, 2008, the government intends to seek a second Superseding Indictment in case number 07 CR 736 (CPS). This Superseding Indictment will add defendants

---

[1] During the initial appearance in both of the above-captioned matters, the government estimated that a trial in each case would be expected to last approximately four months. If a trial is ultimately required in either matter, or both, the government will make every effort to streamline the presentation of evidence such that the government's case-in-chief could be fully presented in less than the originally-estimated four months.

NIKOLAI DOZORTSEV and ARTHUR DOZORTSEV to certain counts of the FANCHINI SUPERSEDING INDICTMENT.

Dated: Brooklyn, New York
      June 16, 2008

                                /s/
                          STEVEN L. TISCIONE
                          Assistant United States Attorney
                          Eastern District of New York
                          271 Cadman Plaza East
                          Brooklyn, N.Y. 11201
                          (718) 254-6317