```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -X
 UNITED STATES OF AMERICA

        - against -

 RICARDO MARIAN FANCHINI,               Cr. No.  07-736 (S-1) (CPS)

                 Defendant.
- - - - - - - - - - - - - - - - - - -X
- - - - - - - - - - - - - - - - - - -X
 UNITED STATES OF AMERICA

        - against -

 NIKOLAI DOZORTSEV,                     Cr. No.  08-044 (S-1) (CPS)
 ARTHUR DOZORTSEV, and
 BORIS NAYFELD,

                 Defendants.
- - - - - - - - - - - - - - - - - - -X
```

**MEMORANDUM OF LAW IN SUPPORT OF
GOVERNMENT'S MOTION TO
CONSOLIDATE CASES FOR TRIAL**

                                    BENTON J. CAMPBELL
                                    United States Attorney
                                    Eastern District of New York
                                    271 Cadman Plaza East
                                    Brooklyn, New York 11201

Steven L. Tiscione
Toni M. Mele
Licha M. Nyiendo
Alexander A. Solomon
Assistant U.S. Attorneys
     (Of Counsel)

**PRELIMINARY STATEMENT**

This memorandum of law is submitted in support of the government's motion, pursuant to Rule 13 of the Federal Rules of Criminal Procedure, to consolidate <u>United States v. Ricardo Marian Fanchini</u>, Docket No. 07-CR-736 (CPS) and <u>United States v. Nikolai Dozortsev, et al.</u>, Docket No. 08-CR-044 (CPS) for trial with respect to defendants RICARDO FANCHINI, NIKOLAI DOZORTSEV and ARTHUR DOZORTSEV.[1]

As set forth below, these two matters involve overlapping evidence, witnesses and charges with respect to defendants RICARDO FANCHINI, NIKOLAI DOZORTSEV and ARTHUR DOZORTSEV, as the charged acts in both indictments all arose out of a common scheme or plan. Moreover, the defendants RICARDO FANCHINI, NIKOLAI DOZORTSEV and ARTHUR DOZORTSEV are alleged to have participated in the same series of acts or transactions, and joinder would have been appropriate under Federal Rule of Criminal Procedure 8 had the charges been contained in a single indictment.[2]

---

[1] The government intends to proceed separately against defendant BORIS NAYFELD, the only other remaining defendant in case number 08 CR 044 (CPS).

[2] By June 20, 2008, the government intends to file a superseding indictment in case number 07 CR 736 (CPS), adding defendants NIKOLAI DOZORTSEV and ARTHUR DOZORTSEV to the indictment against RICARDO FANCHINI.

1

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

A.  Procedural History of the Two Cases

On September 28, 2007 a grand jury sitting in this district returned a three-count indictment against RICARDO MARIAN FANCHINI in case number 07 CR 736 (CPS), charging him with: (i) conspiring to import cocaine, heroin and MDMA into the United States; (ii) conspiring to distribute cocaine, heroin and MDMA, knowing that such substances would be imported into the United States; and (iii) conspiring to launder the proceeds of specified unlawful activity, all in violation of Title 21, U.S.C., §§ 959(c), 960(a)(1), 960(a)(3), 960(b)(1)(A), 960(b)(1)(B)(ii), 960(b)(3) and 963; and Title 18, U.S.C., § 1956(h).  This indictment and accompanying arrest warrant were ordered sealed by the Honorable Roanne L. Mann on September 28, 2007.

On October 3, 2007, the defendant RICARDO FANCHINI was arrested in the United Kingdom pursuant to a Provisional Arrest Request by the United States Attorney's Office for the Eastern District of New York.  The defendant was subsequently extradited to the United States.

On January 11, 2008, a grand jury in this district returned a superseding indictment against the defendant RICARDO FANCHINI (07 CR 726(S-1)(CPS)), charging him with: (i) engaging in a continuing criminal enterprise; (ii) conspiring to import cocaine, heroin and MDMA into the United States; (iii) conspiring

2

to distribute cocaine, heroin and MDMA, knowing that such substances would be imported into the United States; (iv) conspiring to distribute and possess with intent to distribute cocaine, heroin and MDMA; (v) importing five or more kilograms of cocaine into the United States; (vi) distributing cocaine knowing that such substance would be imported into the United States; (vii) attempting to possess with intent to distribute five or more kilograms of cocaine; and (viii) conspiring to launder the proceeds of specified unlawful activity (the "FANCHINI SUPERSEDING INDICTMENT").

On January 22, 2008, a grand jury sitting in this district returned an indictment against the defendants NIKOLAI DOZORTSEV, BORIS NAYFELD and ARTHUR DOZORTSEV (08 CR 044 (CPS)), charging all three defendants with conspiring to launder the proceeds of specified unlawful activity, in violation of Title 18, U.S.C., § 1956(h); and charging NIKOLAI DOZORTSEV and BORIS NAYFELD with attempting to possess with intent to distribute five or more kilograms of cocaine, in violation of Title 21, U.S.C., §§ 841(b)(1)(A)(ii)(II) and 846.

Upon his extradition to the United States, the defendant RICARDO MARIAN FANCHINI appeared in the Eastern District of New York on February 1, 2008, and was arraigned on the superseding indictment by the Honorable Viktor Pohorelsky.

On February 19, 2008, a grand jury sitting in this

3

district returned a superseding indictment against the defendants NIKOLAI DOZORTSEV, BORIS NAYFELD and ARTHUR DOZORTSEV (the "DOZORTSEV SUPERSEDING INDICTMENT"). The DOZORTSEV SUPERSEDING INDICTMENT did not add any substantive charges, but put the defendants on notice that the government intends to seek forfeiture of certain specified property upon the defendants' convictions for the offenses charged in the indictment.

B.   The January 12, 2009 Trial

Defendant RICARDO MARIAN FANCHINI is scheduled to stand trial in United States v. Ricardo Marian Fanchini, 07 cr 736 (CPS) on January 12, 2008 (the "January Trial"). The defendant is charged with: (i) one count of engaging in a continuing criminal enterprise; (ii) one count of conspiring to import cocaine, heroin and MDMA into the United States; (iii) one count of conspiring to distribute cocaine, heroin and MDMA, knowing that such substances would be imported into the United States; (iv) one count of conspiring to distribute and possess with intent to distribute cocaine, heroin and MDMA; (v) one count of importing five or more kilograms of cocaine into the United States; (vi) one count of distributing cocaine knowing that such substance would be imported into the United States; (vii) one count of attempting to possess with intent to distribute five or more kilograms of cocaine; and (viii) one count of conspiring to launder the proceeds of specified unlawful activity.

4

Evidence at the January trial will show that since approximately 1990, RICARDO FANCHINI has been the head of an international criminal organization that has engaged in a variety of illegal activities, including, but not limited to, the importation and distribution of controlled substances, the trafficking of contraband cigarettes and the laundering of their illegal profits through financial institutions and corporate shells in the United States and throughout Europe. The evidence will show that FANCHINI derived substantial revenue from the unlawful activities of his organization, and that members of the organization, including NIKOLAI DOZORTSEV and ARTHUR DOZORTSEV, assisted FANCHINI in laundering the organization's ill-gotten gains. In particular, the evidence will show that the DOZORTSEVs funneled over thirty million dollars of FANCHINI's criminal proceeds into investments across the globe, from the purchase of a gas station in New Jersey to real estate ventures in the Ukraine.

The evidence will show that NIKOLAI DOZORTSEV was an integral member of the FANCHINI organization. In addition to his role in laundering criminal proceeds, NIKOLAI DOZORTSEV was involved in several of the drug trafficking ventures charged in the FANCHINI SUPERSEDING INDICTMENT, including: (a) the 1997 to 1999 attempted cocaine possession (Violation Twelve in Count One of the FANCHINI SUPERSEDING INDICTMENT), in which FANCHINI and an

agent acting on his behalf negotiated with an undercover agent of the Federal Bureau of Investigation for the sale of a luxury yacht owned by FANCHINI in exchange for $18 million of narcotics proceeds and $8 million in Colombian cocaine (approximately 533 kilograms at $15,000 per kilogram); (b) the 2001 to 2002 international distribution of MDMA (Violation Thirteen in Count One of the FANCHINI SUPERSEDING INDICTMENT), during which members of FANCHINI's organization arranged to distribute over 1.5 million MDMA units smuggled aboard a sea vessel moored at a Dutch port; and (c) the 2007 attempted cocaine possession (Count Seven of the FANCHINI SUPERSEDING INDICTMENT), during which NIKOLAI DOZORTSEV and other members of the FANCHINI organization attempted to purchase over 100 kilograms of cocaine and establish a new source of supply for the organization.

The evidence will also show that NIKOLAI DOZORTSEV was appointed by FANCHINI to supervise and managing a lucrative cigarette smuggling route used by the FANCHINI organization to generate tens of millions of dollars in illegal profits. DOZORTSEV also laundered the proceeds of the smuggling venture and ensured the proper distribution of the profits to all co-conspirators, including the largest share of the profits to FANCHINI as the head of the organization.

Finally, the evidence will show that ARTHUR DOZORTSEV participated in the laundering of the FANCHINI organization's

criminal proceeds and acted under the direction of his brother NIKOLAI DOZORTSEV and RICARDO FANCHINI.

On or before June 20, 2008, the government intends to seek a second Superseding Indictment in this case. This Superseding Indictment will add defendants NIKOLAI DOZORTSEV and ARTHUR DOZORTSEV to certain counts of the FANCHINI SUPERSEDING INDICTMENT. In particular, both ARTHUR and NIKOLAI DOZORTSEV will be added to Count Eight of the FANCHINI SUPERSEDING INDICTMENT (Money Laundering Conspiracy) and NIKOLAI DOZORTSEV will be added to multiple counts charging narcotics trafficking offenses.

A substantial portion of the evidence that the government will present at the January Trial, particularly with respect to the money laundering conspiracy and the 2007 attempted cocaine possession, will consist of: (i) hundreds of recorded conversations intercepted over judicially-authorized wiretaps on telephones utilized by NIKOLAI DOZORTSEV and ARTHUR DOZORTSEV; (ii) thousands of documents recovered during the execution of judicially-authorized search warrants at the residences and business offices of NIKOLAI DOZORTSEV and ARTHUR DOZORTSEV; and (iii) bank records and business records pertaining to companies owned by the DOZORTSEVs, wire transfers made to/from accounts held by the DOZORTSEVs and investments made by the DOZORTSEVs on behalf of FANCHINI. Virtually all of this voluminous evidence

(and the accompanying witnesses) would also be presented during a separate trial against NIKOLAI DOZORTSEV and ARTHUR DOZORTSEV if the cases are not joined into a single trial.

C.  The November 3, 2008 Trial

Defendants NIKOLAI DOZORTSEV and ARTHUR DOZORTSEV are scheduled to stand trial in United States v. Nikolai Dozortsev et al., 08 cr 044 (CPS) on November 3, 2008 (the "November Trial"). NIKOLAI and ARTHUR DOZORTSEV are both charged with participating in a conspiracy to launder the proceeds of specified unlawful activity – the exact same charge encompassed in Count Eight of the FANCHINI SUPERSEDING INDICTMENT. In addition, NIKOLAI DOZORTSEV is charged with attempted cocaine possession – the exact same charge encompassed in Count Seven of the FANCHINI SUPERSEDING INDICTMENT.

The evidence in the November Trial will be substantially, if not completely, the same as the evidence introduced at the January Trial. Each and every offense charged in the DOZORTSEV SUPERSEDING INDICTMENT is contained in the FANCHINI SUPERSEDING INDICTMENT. Moreover, as discussed above, a substantial portion of the evidence for the money laundering and attempted cocaine possession charges consists of conversations intercepted over the phones of ARTHUR and NIKOLAI DOZORTSEV, bank documents recovered from searches of the DOZORTSEVS' homes and businesses, and records of bank accounts and companies under the

8

custody and control of the DOZORTSEVS.

In addition, to establish the money laundering charges against the defendants, the government will have to demonstrate that the funds were the proceeds of specified unlawful activity. In this case, the government will seek to show that the funds being laundered by the DOZORTSEVS were criminal proceeds from narcotics trafficking and cigarette smuggling activities undertaken by RICARDO FANCHINI and other members of his organization. Thus, in order to prove the money laundering conspiracy, the government will seek to introduce most, if not all, of the same evidence used to establish the charges against RICARDO FANCHINI in the FANCHINI SUPERSEDING INDICTMENT.

As the Court is no doubt aware, the volume of evidence extant in the prosecution of the above-captioned matters is staggering, consisting of, among other things: thousands of recorded conversations in more than five different languages; dozens of boxes of records from financial institutions and businesses; evidence recovered from the execution of search warrants on multiple residences, business offices and safety deposit boxes; and evidence obtained from several foreign governments by virtue of Mutual Legal Assistance Treaty requests. In addition, the government anticipates calling a daunting number of witnesses, including, but not limited to, cooperating witnesses, law enforcement officers from the United States,

foreign language translators/monitors, expert witnesses and law enforcement officers and civilian witnesses from over half a dozen foreign countries. Indeed, the government initially estimated that a trial in either case would take approximately four months.[3] Accordingly, concerns of judicial efficiency and conservation of resources strongly encourage consolidation of what would otherwise be two virtually identical and extremely time-consuming trials.

## DISCUSSION

I. The Applicable Law

Rule 13 of the Federal Rules of Criminal Procedure provides: "[t]he court may order that separate cases be tried together as though brought in a single indictment or information if all offenses and all defendants could have been joined in a single indictment or information." Fed. R. Cr. P. 13; see also United States v. Gordon, 655 F.2d 478, 485 (2d Cir. 1981). A court may look at factual allegations beyond those detailed in the indictment in deciding a Rule 13 motion to join trials. See United States v. Richards, 94 F. Supp.2d 304, 309 (E.D.N.Y.

---

[3] During the initial appearance in both of the above-captioned matters, the government estimated that a trial in each case would be expected to last approximately four months. If a trial is ultimately required in either matter, or both, the government will make every effort to streamline the presentation of evidence such that the government's case-in-chief could be fully presented in less than the originally-estimated four months.

10

2000).

Rule 13 utilizes the substantive standards of Rule 8(b). See Richards, 94 F. Supp.2d at 309. Rule 8(b) discusses the standard by which the government may join two or more defendants on the same indictment. See Fed. R. Cr. P. 8(b). "Rule 13 permits a judge to join indictments for trial if joinder would have been appropriate under Rule 8 had the charges been contained in a single indictment." United States v. De Yian, 1995 WL 368445, at *10 (S.D.N.Y. June 21, 1995). Rule 8(b) provides that joinder of charges is appropriate where the defendants are alleged "to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Cr. P. 8(b); see also Richards, 94 F. Supp.2d at 309.

Where, as here, joinder involves both multiple offenses and multiple defendants, Rule 8(b) is satisfied if the underlying acts are "unified by some substantial identity of facts or participants, or arise out of a common plan or scheme." United States v. Stewart, 433 F.3d 273, 314 (2d Cir. 2006) (quotation omitted); United States v. Attansio, 870 F.2d 809, 815 (2d Cir. 1989). In other words, "Rule 8(b) requires only that the counts be connected by common facts or participants or that they arise out of a common plan or scheme." United States v. Ferrarini, 9 F. Supp. 2d 284, 292 (S.D.N.Y. 1998) (citing Attansio, 870 F.2d

11

at 815) (emphasis in original). The decision to order two indictments tried together rests in the district court's sound discretion. See Richards, 94 F. Supp.2d at 309. As the Second Circuit recognized in United States v. Halper, 590 F.2d 422, 430 (2d Cir. 1978), joinder of offenses based "on two or more acts or transactions connected together or constituting parts of a common scheme or plan" is reasonable and desirable both from the government's and the defendants' perspective, as the government should not be put to the task of proving what is essentially the same set of facts more than once, and the defendant should be spared the task of defending more than once against what are essentially the same, or at least connected, charges.

In this case, the January and November Trials are unified by substantially identical facts _and_ participants, _and_ the allegations arise out of a common plan and scheme. As outlined above, each of the charges contained in the DOZORTSEV SUPERSEDING INDICTMENT are also contained in the FANCHINI SUPERSEDING INDICTMENT and all three defendants are charged in the same conspiracy to commit money laundering. See, e.g., Richards, 94 F. Supp.2d at 309; United States v. Harris, 805 F. Supp. 166, 183 (S.D.N.Y. 1992) (recognizing that joinder is appropriate when "there is a clear connection between the acts charged in the two indictments").

Moreover, two of the defendants, RICARDO FANCHINI and

12

NIKOLAI DOZORTSEV, are charged with identical narcotics trafficking offenses involving same act or transaction, or in the same series of acts or transactions . See, e.g., Richards, 94 F. Supp.2d at 309; see also United States v. Teitler, 802 F.2d 606, 615 (2d Cir. 1986) (for purposes of joinder under Rules 8 and 13, "participation in a series of transactions does not require participation in each transaction").

In addition, all of the charged offenses arose out of a common plan and scheme – namely, the continuing criminal enterprise headed by RICARDO FANCHINI, of which NIKOLAI DOZORTSEV, ARTHUR DOZORTSEV and others were members and co-conspirators. See, e.g., Stewart, 433 F.3d at 314 (2d Cir. 2006); Attansio, 870 F.2d at 815; see also United States v. Reinhold, 994 F. Supp.194, 199-200 (S.D.N.Y. 1998) (in determining whether defendants have acted in a common scheme or plan such that joinder would be proper, it is not significant that a conspirator may not know of the participation or self-interest of other co-conspirators; it is sufficient if each defendant has participated in the conspiracy with the common goal or purpose of the other defendants).

Finally, virtually the same evidence and witnesses will be introduced at both trials.  The savings of judicial economy from consolidation of related matters is nowhere more evident than in this case, where joinder could prevent the burden of

13

duplicative four-month trials, avoid the necessity of impaneling two different juries to hear essentially the same evidence against the same defendants, and spare the expense of having the same witnesses testify in two separate trials – particularly when so many of the witnesses are from foreign jurisdictions and will be traveling lengthy distances to testify in the United States.

**CONCLUSION**

For all of the reasons set forth above, the Court should grant the government's motion to consolidate <u>United States v. Ricardo Marian Fanchini</u>, Docket No. 07-CR-736 (CPS) and <u>United States v. Nikolai Dozortsev, et al.</u>, Docket No. 08-CR-044 (CPS) for trial with respect to defendants RICARDO FANCHINI, NIKOLAI DOZORTSEV and ARTHUR DOZORTSEV.

    Respectfully Submitted,

    BENTON J. CAMPBELL
    United States Attorney
    Eastern District of New York

By:     /s/
    STEVEN L. TISCIONE
    TONI M. MELE
    LICHA M. NYIENDO
    ALEXANDER A. SOLOMON
    Assistant United States Attorneys
    (718) 254-6317/6138/6350/6074