RLC:SLT
F.# 2007R00229

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

NIKOLAI DOZORTSEV and
ARTHUR DOZORTSEV,

            Defendants,

**SUBMITTED UNDER SEAL**

AFFIDAVIT IN SUPPORT OF
MOTION TO REVOKE BAIL AND
ISSUE AN ARREST WARRANT
(18 U.S.C. § 3148)
 07 CR 736 (CPS)
 08 CR 044 (CPS)

- - - - - - - - - - - - - - - - X

EASTERN DISTRICT OF NEW YORK, SS:

      ARTHUR T. MORRISON, being duly sworn, deposes and says that he is a Special Agent with the Drug Enforcement Administration, duly appointed according to law, states as follows:

      On or about and between October 15, 2007 and April 1, 2009, within the Eastern District of New York and elsewhere, the defendants NIKOLAI DOZORTSEV and ARTHUR DOZORTSEV did knowingly and intentionally violate conditions of their release in the cases of United States v. Ricardo Fanchini et al., 07 CR 736 (S-3) (CPS) and United States v. Nikolai Dozortsev et al., 08 CR 044 (S-2) (CPS), by committing violations of Title 18, United States Code, Section 1347, to wit: knowingly and intentionally executing and attempting to execute a scheme and artifice to defraud a health care benefit program, to wit: Medicaid, and to obtain, by means of materially false and fraudulent pretenses, representations and

promises, money and property owned by and under the custody and control of said health care benefit program in connection with the delivery of and payment for health care benefits and services.

(Title 18, United States Code, Section 3148)

The source of your deponent's information and the grounds for his belief are as follows[1]:

1. For more than three years the Drug Enforcement Administration ("DEA") conducted an investigation aimed at dismantling an international criminal organization headed by Ricardo Fanchini. Since the early 1980's, Fanchini's organization has been responsible for distributing and transporting large quantities of heroin, cocaine and MDMA throughout Southeast Asia and Europe, which was ultimately imported into the United States. In addition, Fanchini's organization laundered millions of dollars representing the illegal proceeds of narcotics trafficking and other criminal activities, such as health-care fraud and cigarette smuggling, through dozens of shell companies and bank accounts in the United States and Europe. NIKOLAI DOZORTSEV and his brother ARTHUR DOZORTSEV were instrumental members of Fanchini's criminal enterprise and coordinated the laundering of illegal proceeds through shell corporations, off-shore real estate investments, structuring financial transactions and funneling millions of dollars through bank

---

[1] Because the limited purpose of this affidavit is to state probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

accounts under their control to other criminal members of the Fanchini Organization (including Fanchini himself).

2. Based on evidence uncovered during the DEA investigation, which included court-authorized wiretap recordings of NIKOLAI DOZORTSEV and ARTHUR DOZORTSEV, the Honorable Joan Azrack issued warrants commanding the arrests of NIKOLAI DOZORTSEV and ARTHUR DOZORTSEV on October 12, 2007. A copy of the affidavit in support of the warrants is attached as Exhibit A.

3. On October 13, 2007, defendant NIKOLAI DOZORTSEV was arrested by Special Agents with the DEA. On October 15, 2007, defendant ARTHUR DOZORTSEV was arrested by Special Agents with the DEA. On October 15, 2007, defendants NIKOLAI DOZORTSEV and ARTHUR DOZORTSEV appeared before the Honorable Steven M. Gold, United States Magistrate Judge and were arraigned on the complaint, which charged them with knowingly and intentionally conspiring to conduct financial transactions in and affecting interstate and foreign commerce, to wit: the transportation, transmission and transfer of funds to and through companies and bank accounts, which in fact involved the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956.

4. During the initial arraignment, Judge Gold set conditions of bail and released NIKOLAI DOZORTSEV and ARTHUR DOZORTSEV. Specifically, NIKOLAI DOZORTSEV was released on a $1.8 million bail secured by four properties and six suretors, and he was

subject to home detention with electronic monitoring and a 9:00 p.m. curfew (attached as Exhibit B).  ARTHUR DOZORTSEV was released on a $1 million bail secured by two properties and three suretors (attached as Exhibit C).  Judge Gold specifically advised both defendants that "[i]f you commit any crime at all while you're out on bail, that's grounds to take your bail away and it's grounds to impose a harsher sentence on the new crimes because you were on bail when you committed it."  Transcript of Arraignment, October 15, 2007 (attached as Exhibit D).

      5.  On January 22, 2008, a grand jury in the Eastern District of New York returned an indictment in <u>United States v. Nikolai Dozortsev et al.</u>, 08 CR 044(CPS), charging defendant NIKOLAI DOZORTSEV with attempted cocaine possession, in violation of 21 U.S.C. § 846, and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956.  ARTHUR DOZORTSEV was also charged in the same indictment with conspiracy to commit money laundering.  A superseding indictment filed on February 19, 2008 added forfeiture allegations against both defendants (attached as Exhibit E).

      6.  On August 14, 2008, a grand jury in the Eastern District of New York returned a Third Superseding Indictment in <u>United States v. Ricardo Fanchini et al.</u>, 07 CR 736(S-3)(CPS), which added defendants NIKOLAI DOZORTSEV and ARTHUR DOZORTSEV (attached as Exhibit F).  NIKOLAI DOZORTSEV was charged with conspiracy to import cocaine and MDMA (Count Two), international distribution of cocaine

4

and MDMA (Count Three), conspiracy to distribute cocaine and MDMA (Count Four), attempted cocaine possession (Count Fifteen), conspiracy to commit money laundering (Count Seventeen), health care fraud (Count Eighteen) and possessing multiple firearms after sustaining a felony conviction (Count Twenty).  ARTHUR DOZORTSEV was charged with marijuana distribution (Count Sixteen), conspiracy to commit money laundering (Count Seventeen) and health care fraud (Count Nineteen).

       7.  On November 10, 2008, ARTHUR DOZORTSEV pleaded guilty to Counts Seventeen and Nineteen of the Third Superseding Indictment before the Honorable Charles P. Sifton.  Specifically, ARTHUR DOZORTSEV admitted that he laundered hundreds of thousands of dollars on behalf of Ricardo Fanchini that he believed to be the proceeds of narcotics trafficking.  ARTHUR DOZORTSEV also admitted that he committed health care fraud by submitting affidavits for Medicaid benefits that grossly misrepresented his income and assets, and then collected more than $30,000 in fraudulent Medicaid benefits in or about and between April 2003 and August 2007.  His bail conditions remained unchanged.

       8.  On November 12, 2008, NIKOLAI DOZORTSEV pleaded guilty to Counts Seventeen and Eighteen of the Third Superseding Indictment before the Honorable Charles P. Sifton.  Specifically, NIKOLAI DOZORTSEV admitted that he laundered millions of dollars on behalf of Ricardo Fanchini that he believed to be the proceeds of unlawful

activity. NIKOLAI DOZORTSEV also admitted that he committed health care fraud by submitting affidavits for Medicaid benefits that grossly misrepresented his income and assets, and then collected approximately $20,000 in fraudulent Medicaid benefits in or about and between April 2003 and August 2007. His bail conditions remained unchanged.

   9. After the guilty pleas of NIKOLAI DOZORTSEV and ARTHUR DOZORTSEV were accepted by Judge Sifton, agents from the DEA and the Department of Health and Human Services, Office of Inspector General ("OIG") contacted Medicaid representatives to obtain updated records in order to prepare for sentencing. At this time, the agents were notified that NIKOLAI DOZORTSEV and ARTHUR DOZORTSEV had continued to submit fraudulent claims for Medicaid benefits after their arrests and subsequent release on bail. Agents thereupon obtained documents from Medicaid and the providers servicing the health care plans used by NIKOLAI DOZORTSEV and ARTHUR DOZORTSEV. These records established that since their release on bond on October 15, 2007, NIKOLAI DOZORTSEV and ARTHUR DOZORTSEV submitted more than one hundred and eighty fraudulent claims for Medicaid benefits and received more than $60,000 in unwarranted benefits.

   10. My review of records obtained from Medicaid revealed that between the date of his release on bond, October 15, 2007, and March 1, 2009, NIKOLAI DOZORTSEV committed 156 separate acts of health care fraud (18 U.S.C. § 1347), resulting in the payment of

6

approximately $50,000 in fraudulent Medicaid benefits. Moreover, NIKOLAI DOZORTSEV committed 109 acts of health care fraud (by submitting false claims for benefits) <u>after he was indicted</u> for violating 18 U.S.C. § 1347, and continued to submit false claims for Medicaid benefits <u>even after he pled guilty to health care fraud</u> on November 12, 2008. Notably, agents were only able to obtain records up through March 1, 2009, due to processing delays for Medicaid claims.

      11. In order to obtain these unwarranted benefits, NIKOLAI DOZORTSEV submitted affidavits to Medicaid each year. In each of these affidavits, NIKOLAI DOZORTSEV represented that he had only minimal income and owned assets valued at less than $26,000. A review of tax returns, property records and bank account records revealed that NIKOLAI DOZORTSEV's affidavits grossly misrepresented his income and assets. As just one example, NIKOLAI DOZORTSEV submitted an affidavit to Medicaid on March 1, 2008, while he was released on bond, claiming a total household income of $150 per week and <u>absolutely no assets</u> (Exhibit G). Yet property records established that NIKOLAI DOZORTSEV is the principal owner of commercial property located in Newark, New Jersey – which has been conservatively valued at more than $2 million. Property records and documents recovered from a search of NIKOLAI DOZORTEV's house during the investigation also revealed that he owns large tracts of real estate in Bulgaria; has an extensive ownership stake in multi-million

7

dollar properties in Odessa, Ukraine and Moscow, Russia; and owns a condo in Brooklyn, New York that is conservatively valued at approximately $900,000. In addition, while NIKOLAI DOZORTSEV claimed income of only $150 per week, subpoenaed records for several bank accounts controlled by NIKOLAI DOZORTSEV showed millions of dollars being deposited, wired and/or withdrawn by NIKOLAI DOZORTSEV during the time period he was collecting fraudulent Medicaid benefits.

12. My review of records obtained from Medicaid revealed that between the date of his release on bond, October 15, 2007, and March 1, 2009, ARTHUR DOZORTSEV committed 27 separate acts of health care fraud (18 U.S.C. § 1347), resulting in the payment of approximately $10,000 in fraudulent Medicaid benefits. Moreover, ARTHUR DOZORTSEV submitted multiple false claims for Medicaid benefits <u>after he was indicted</u> for violating 18 U.S.C. § 1347, and continued to receive Medicaid benefits to which he was not entitled <u>even after he pled guilty to health care fraud</u> on November 10, 2008. Notably, agents were only able to obtain records up through March 1, 2009, due to processing delays for Medicaid claims. Given ARTHUR DOZORTSEV's rampant pattern of submitting dozens of fraudulent Medicaid claims since his arrest, there is a strong probability that he continues to receive fraudulent Medicaid benefits to this day, despite his conviction.

13. In order to obtain these unwarranted benefits, ARTHUR DOZORTSEV submitted affidavits to Medicaid each year. In each of

these affidavits, ARTHUR DOZORTSEV represented that he had only minimal income and owned assets valued at less than $26,000. A review of tax returns, property records and bank account records revealed that ARTHUR DOZORTSEV's affidavits grossly misrepresented his income and assets. As just one example, ARTHUR DOZORTSEV submitted an affidavit to Medicaid on April 1, 2008, while he was released on bond, claiming <u>absolutely no income or assets</u> (Exhibit H). Yet property records established that ARTHUR DOZORTSEV has an ownership interest in commercial property located in Newark, New Jersey – which has been conservatively valued at more than $2 million. Property records and documents recovered from a search of ARTHUR DOZORTEV's house during the investigation also revealed that he owns a newly-constructed condo in Las Vegas, Nevada; a second condo in South Beach, Florida; a third condo at 20 Pine Street, New York, NY; and lives in a condo at 444 West 19th Street, New York, New York that was recently appraised at approximately $1.5 million. ARTHUR DOZORTSEV's ownership of the condo at 444 West 19th Street was further proven when he posted the property to secure his bond on November 14, 2007. During the bail proceeding, ARTHUR DOZORTSEV represented, through his attorney, that he was the sole owner of the property located at 444 West 19th Street, New York, New York, and that he held approximately $1 million in equity in the property (See Exhibit D at 18).

9

14. Therefore, there is probable cause to believe that defendants NIKOLAI DOZORTSEV and ARTHUR DOZORTSEV are engaging in new criminal activity, in violation of the bail conditions set by this Court, by knowingly and intentionally executing and attempting to execute a scheme and artifice to defraud a health care benefit program, to wit: Medicaid, and to obtain, by means of materially false and fraudulent pretenses, representations and promises, money and property owned by and under the custody and control of said health care benefit program in connection with the delivery of and payment for health care benefits and services.

WHEREFORE, Your deponent respectfully requests that arrest warrants be issued for the defendants NIKOLAI DOZRTSEV and ARTHUR DOZORTSEV so that they may be dealt with according to law.

In addition, it is respectfully requested that this affidavit be filed under seal.

                                           Arthur T. Morrison
                                           Special Agent
                                           Drug Enforcement Administration

Sworn to before me this
1st day of April, 2009

_____
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

10